IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lonnie Goodrich, | C/A No. 4:20-1069-JFA-TER |
| Petitioner, | |
| v. | **ORDER** |
| Warden Mackelburg, | |
| Respondent. | |

Petitioner Lonnie Goodrich ("Petitioner"), proceeding *pro se*, commenced this action by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action without prejudice because Petitioner has not demonstrated that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence such that he may file this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

§ 2241 petition. *See U.S. v. Wheeler*, 886 F.3d 415 (4th Cir. 2018).[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on March 26, 2020. (ECF No.7). The Magistrate Judge required Petitioner to file objections by April 9, 2020. Petitioner filed a motion for extension of time to file objections (ECF No. 11), and the Court granted the motion thereby extending the deadline for objections to April 23, 2020. (ECF No.12). To date, Petitioner has not filed any objections or otherwise responded. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 7). Thus, Petitioner's Petition is dismissed without prejudice and without requiring respondent to file a return. (ECF No. 1).

Further, it is ordered that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right."[3]

---

[2] In *U.S. v. Wheeler*, the Fourth Circuit established a four-part test for determining when a §2255 petition is inadequate or ineffective to test the legality of a sentence. Petitioner has not met the four-factor test set forth in *Wheeler*.

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive

IT IS SO ORDERED.

May 18, 2020  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).